**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | |
|---|---|
| JUDITH HENRY,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ESSEX COUNTY, *et al.*,<br><br>Defendants-Appellants. | No. 23-1987 |

## RESPONSE TO JURISDICTIONAL QUESTION

On May 31, 2023, this Court requested simultaneous briefing from the parties on whether the March 29, 2023 order of the district court at issue in this appeal is an appealable order. The federal defendants-appellants respectfully submit this response to the Court's order.

## INTRODUCTION AND SUMMARY

The district court's order is appealable as a collateral order because it denies qualified immunity at the pleadings stage based on an issue of law. In addition, the Court has jurisdiction in reviewing this order to resolve the antecedent questions of whether plaintiff's *Bivens* claims may go forward and whether the federal defendants can be treated as acting under color of state law for Section 1983 purposes.

## ARGUMENT

**1.** It is settled that "a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of § 1291." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (citing *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996)); *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). Under the collateral-order doctrine, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Forsyth*, 472 U.S. at 530. That includes a denial of a motion to dismiss based on qualified immunity, *see George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013) (citing *Iqbal*, 556 U.S. at 672-75), including when a district court concludes that whether qualified immunity may be asserted "may be clarified by discovery," *see id.* (quotation marks omitted). Refusal to dismiss based on qualified immunity at the pleadings stage "constitutes at least an implicit decision that the complaint alleges a constitutional claim on which relief can be granted," and "[t]hat purely legal decision does not turn on whether the plaintiff can in fact elicit any evidence to support his allegations; it thus possesses the requisite finality for immediate appealability under the collateral order doctrine." *Id.* (quoting *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66 (2d Cir. 1999)).

The Supreme Court has recognized, moreover, that the qualified immunity defense is "meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery . . . , as

"[i]nquiries of this kind can be peculiarly disruptive of effective government.'"" *Behrens*, 516 U.S. at 308 (alterations in original) (quoting *Forsyth*, 472 U.S. at 526). "Whether or not a later summary judgment motion is granted, denial of a motion to dismiss is conclusive as to" the latter right. *Id.*; *see also Oliver v. Roquet*, 858 F.3d 180, 188 (3d Cir. 2017) ("[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery, and a refusal to dismiss is a ruling conclusive as to this right, for which immediate appeal must be available[.]" (citation and quotation marks omitted)). As a result, "an order denying qualified immunity, to the extent it turns on an 'issue of law,' is immediately appealable." *Behrens*, 516 U.S. at 311 (citation omitted) (quoting *Forsyth*, 472 U.S. at 530).

In the decision at issue in this appeal, the district court declined to dismiss the claims against the federal defendants based on qualified immunity, concluding that "factual uncertainty" made an assessment of qualified immunity "impossible at the complaint stage." Tr. of Mar. 29, 2023 Hearing 25:10-13. However, because this case is at the motion-to-dismiss stage, the relevant question is whether, accepting the well-pleaded allegations in the complaint, the federal defendants are entitled to qualified immunity. *See HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 188 (3d Cir. 2021). And that is a pure legal question that does not depend on the resolution of any disputed facts and is immediately appealable, as both the Supreme Court and this Court have held. *Iqbal*, 556 U.S. at 674-75 (explaining that "[e]valuating the

sufficiency of a complaint is not a 'fact-based' question of law" and finding that "[t]he District Court's order denying petitioners' motion to dismiss" based on a denial of qualified immunity "is a final decision under the collateral-order doctrine over which the Court of Appeals had[] . . . jurisdiction"); *Graber v. Doe II*, 59 F.4th 603, 607 n.8 (3d Cir. 2023) ("Where a district court defers ruling on qualified immunity to permit further fact discovery[] . . . 'implicit in that ruling' is the legal conclusion that the plaintiff adequately pled a violation of clearly established law, and thus the order is immediately appealable." (citing *Oliver*, 858 F.3d at 189)).

Although this Court generally does not exercise jurisdiction when a determination of qualified immunity requires resolution of disputed facts, *Johnson v. Jones*, 515 U.S. 304, 313 (1995); *Barton v. Curtis*, 497 F.3d 331, 334-36 (3d Cir. 2007), this appeal does not require this Court to resolve any disputed factual issues. As explained above, at the motion-to-dismiss stage, the relevant question is whether, accepting the well-pleaded allegations in the complaint, the federal defendants are entitled to qualified immunity. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (explaining that a district court's denial of a motion to dismiss on qualified immunity grounds "involves a pure question of law"). Accordingly, the summary-judgment cases cited in the Court's order that required the resolution of disputed facts are inapposite. *See Johnson*, 515 U.S. at 319-20 ("[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a

'genuine' issue of fact for trial."); *Monteiro v. City of Elizabeth*, 436 F.3d 397, 399 (3d Cir. 2006) ("Her motion for summary judgment was denied on the basis that whether she was entitled to qualified immunity depended on a disputed issue of material fact."); *Barton*, 497 F.3d at 334-36 (dismissing an appeal of summary judgment where the district court concluded that there was a material issue of fact to be determined by the jury); *cf. In re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) ("[D]enial of qualified immunity falls within the collateral-order doctrine only to the extent the denial turns on an issue of law."); *Doe v. Groody*, 361 F.3d 232, 237 (3d Cir. 2004) ("a denial of qualified immunity that turns on an issue of law—rather than a factual dispute—falls within the collateral order doctrine"). As this Court has explained, "[a] district court's perceived need for discovery does not impede immediate appellate review of the legal questions of whether there is a constitutional right at all and, if so, whether it was clearly established at the time of the alleged conduct, for until these threshold immunity questions are resolved, discovery should not be allowed." *George*, 738 F.3d at 571 (quoting *X–Men Sec.*, 196 F.3d at 67).

**2.** In addition to resolving whether the federal defendants are entitled to qualified immunity at the pleadings stage, this Court also has jurisdiction to consider the "antecedent" question whether the *Bivens* remedy should be extended to the claims plaintiff seeks to bring in this case. *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (per curiam) (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)). As noted, this Court has jurisdiction over the federal defendants' appeal from the district court's denial of

qualified immunity. "[S]ince the issue of whether a cause of action even exists against" the federal defendants for these constitutional claims "is a threshold question of law, [the Court] ha[s] jurisdiction to consider that as well." *Vanderklok v. United States*, 868 F.3d 189, 197 (3d Cir. 2017); *see also Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007) (explaining that the existence of a cause of action is "directly implicated by the defense of qualified immunity and properly before us on interlocutory appeal" (quoting *Hartman v. Moore*, 547 U.S. 250, 257 n.5 (2006))); *Graber*, 59 F.4th at 607 n.8 (noting the continued validity of the *Wilkie* rule).

**3.** For similar reasons, this Court also has jurisdiction in reviewing this order to resolve the antecedent question of whether the federal defendants can be treated as acting under color of state law for Section 1983 purposes. That is so because a determination that federal defendants can be sued under Section 1983 is akin to a "recognition of the entire cause of action" under *Bivens*. *Wilkie*, 551 U.S. at 549 n.4; *see also Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) (considering whether federal defendants were acting under color of state law for Section 1983 purposes in an interlocutory appeal from a denial of a motion to dismiss based on qualified immunity); *Farah v. Weyker*, 926 F.3d 492, 502 (8th Cir. 2019) (same).

## CONCLUSION

For the foregoing reasons, the district court's March 29, 2023 order is an appealable final decision within the meaning of 28 U.S.C. § 1291.

Respectfully submitted,

BARBARA L. HERWIG

*/s/ Ashley C. Honold*

ASHLEY C. HONOLD
(NY Attorney Registration No. 5405816)
*Attorneys, Appellate Staff*
*Civil Division, Room 7261*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 353-9018

JUNE 2023

## CERTIFICATE OF SERVICE

On June 14, 20223, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system for the following counsel:

Brooks E. Doyne
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Stephen D. Holtzman
Jeffrey S. McClain
Holtzman McClain & Londar
524 Maple Avenue
Suite 200
Linwood, NJ 08221

Alan Ruddy
Office of County Counsel
County of Essex
465 Martin Luther King Boulevard
Hall of Records, Room 535
Newark, NJ 07102

Matthew R. Skolnik
Claudia M. Tesoro
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103

Service will be accomplished by mail for the following counsel:

Tisha N. Adams
Suite 1103
60 Park Place
Newark, NJ 07102

Brian Giardina
Cipriani & Werner
485 Route 1 South
Suite 120, Building E
Iselin, NJ 08830

Francis J. Leddy III
McGivney Kluger Clark & Intoccia
18 Columbia Turnpike
3rd Floor
Florham Park, NJ 07932

Christopher N. Leeds
Cipriani & Werner
485 Route 1 South
Suite 120, Building E
Iselin, NJ 08830

Michael D. Pugliese II
Cipriani & Werner
485 Route 1 South
Suite 120, Building E
Iselin, NJ 08830

*/s/ Ashley C. Honold*
Ashley C. Honold